ORIGINAL

FILED
FEB 14 2005
U.S. COURT OF FEDERAL CLAIMS

ECF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ECF DOCUMENT

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed: 11-30-04
NANCY MAYER-WHITTINGTON, CLERK
By: [signature]

ARBITRAJE CASA DE CAMBIO, S.A., DEC.V., *et al.*,

Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, *et al.*,

Defendants.

Civil Action No. 02-0777 (RMC)

05-217C

MEMORANDUM OPINION

The Plaintiffs are Exchange Houses in Mexico that lost millions of dollars on postal money orders issued by the United States Postal Service ("USPS"). *See Arbitraje Casa de Cambio v. United States Postal Serv.*, 297 F. Supp. 2d 165 (D.D.C. 2003) (providing a more detailed factual account). Their initial complaint alleged that the USPS was directly liable to them on the postal money orders under theories of contract and estoppel. This complaint was dismissed because its claims were, in reality, tort claims barred under the Federal Tort Claims Act. *Id.*

After dismissal, the Plaintiffs were given leave to file an amended complaint that included claims based on a contractual theory of express or implied contract.[1] This Second Amended Complaint alleges that "[t]he important agreements reached during the meetings between representatives from the USPS and the Exchange Houses, taken together with correspondence and memoranda exchanged between representatives of both parties, constitute terms of the agreement

[1] The only claim remaining is the one presented in the Second Amended Complaint that a series of meetings and correspondence between the Exchange Houses and the USPS created an enforceable express or implied contract.

42

between the Exchange Houses and the USPS." Second Amend. Compl. ¶ 94.[2]

The USPS has filed a motion to dismiss or, in the alternative, a motion to transfer. The Court finds that it is without subject-matter jurisdiction to determine the merits of the Second Amended Complaint and will transfer the case to the Court of Federal Claims.

**ANALYSIS**

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "are obliged always to ascertain whether they have subject matter jurisdiction over the litigation before them," *Reynolds v. Sheet Metal Workers, Local 102*, 702 F.2d 221, 223 (D.C. Cir. 1981), and may dismiss a complaint where jurisdiction is absent. FED. R. CIV. P. 12(b)(1).

Section 401 of the Postal Reorganization Act of 1970 ("PRA") permits the USPS "to sue and be sued." 39 U.S.C. § 401(1). Furthermore, Section 409 of the PRA provides that the United

---

[2] This argument was initially made by the Plaintiffs in their opposition to the first motion to dismiss but was not considered.

> In their Opposition to the Postal Service's Motion to Dismiss and voluminous exhibits attached thereto, the Exchange Houses chronicle a series of meetings with the Postal Service that took place in 1997 and 1998. The Exchange Houses allege that as a result of these meetings "Plaintiffs [] entered into express contracts with the USPS," whereby the Exchange Houses would continue to accept Postal Service money orders and the Postal Service would reimburse the Exchange Houses for certain reclamations. They further assert that violation of these alleged "express contracts" falls outside the scope of the [Federal Tort Claims Act]. These supplemental allegations are not properly before the Court . . . . Because there is no hint of these meetings and alleged express contracts in the Amended Complaint, the Court therefore cannot consider these allegations in deciding the instant motion to dismiss.

*Arbitraje Casa de Cambio*, 297 F. Supp. 2d at 170 (internal citation omitted).

States District Courts "shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). These provisions of the PRA create a clear grant of jurisdiction to the district courts over suits brought against the USPS. *Continental Cablevision v. United States Postal Serv.*, 945 F.2d 1434, 1437 (8th Cir. 1991). This grant, however, does not stand alone.

Congress enacted the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, in 1978, six years after the passage of Title 39 and the PRA. The CDA was created to "provide a single, uniquely qualified forum for the resolution of contract disputes." *Ingersoll-Rand v. United States*, 780 F.2d 74, 78 (D.C. Cir. 1985) (citing *Prefab Products v. United States Postal Serv.*, 600 F. Supp. 89, 91 (S.D. Fla. 1984)). The statute delineates a particular procedure for obtaining relief for claims arising from a breach of "any express or implied contract . . . entered into by an executive agency for . . . the procurement of property . . . [or] the procurement of services[.]" 41 U.S.C. § 602(a). As the CDA specifically identifies the USPS as a statutory "executive agency," the CDA governs the procedure for obtaining relief in certain contractual actions brought against the USPS. This procedure includes judicial review of decisions by contracting officers and agency boards. *See* 41 U.S.C. § 607(g)(1), 609(a).

The dispositive question is whether the broad jurisdictional grant in the PRA is qualified by the jurisdictional provision in the CDA. While the circuits appear to be split on this issue, *see Spodek v. United States Postal Serv.*, 35 F. Supp. 2d 160, 166 (D. Mass. 1999) (noting that while the Fifth, Sixth, and District of Columbia Circuits have found the CDA to be exclusive, the Ninth and Eleventh Circuits have reached contrary conclusions), there is clear guidance in this Circuit instructing that the CDA divests this Court of subject-matter jurisdiction over contract claims

against the USPS.

In *A&S Counsel Co., Inc. v. Lader*, 56 F.3d 234, 241-242 (D.C. Cir. 1995) held that the specific provisions of the CDA govern jurisdiction over contract actions involving an executive agency, even an agency that operates under a sue-and-be-sued clause such as the USPS. The D.C. Circuit stated that the CDA is the "paradigm of a 'precisely drawn, detailed statute' that preempts more general jurisdictional provisions. It purports to provide final and exclusive resolution of all disputes arising from government contracts covered by the statute." *Id.* at 241 (citation omitted).

In reaching this conclusion, the Court in *A&S Counsel* examined the "Little Tucker Act," 28 U.S.C. § 1346(a)(2),[3] which extends district court jurisdiction to certain contract claims against the United States – including contract claims under the CDA. It provides that the district courts share original jurisdiction with the Court of Federal Claims over any

> civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, *except that the district courts shall not have jurisdiction over any civil action or claim against the United States founded upon any express or implied contract with the United States not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1),* [41 U.S.C. §§ 607(g)(1), 609(a)(1)], *of the Contract Disputes Act of 1978.*

28 U.S.C. § 1346(a)(2) (emphasis added). A plain reading of this provision indicates that district courts do not have jurisdiction over contractual claims exceeding $10,000 or those that are subject

[3] "The Tucker Act is one of the few places in the federal statutes which provides both jurisdiction and a waiver of sovereign immunity for non-tort actions against the United States and it generally requires recourse to the Court of Federal Claims." *Licata v. United States Postal Serv.*, 33 F.3d 259, 263 (3d Cir. 1994) (but finding district court jurisdiction over actions involving the USPS).

to Sections 8(g)(1) and 10(a)(1) of the CDA. Although *A&S Counsel* involved the Small Business Administration and not the USPS, its reasoning controls the result here. *See also 1-10 Indus. Assoc., Inc. v. United States Postal Serv.*, 133 F. Supp. 2d 194, 195 (E.D.N.Y. 2001) (following *A&S Counsel* and applying its logic to the USPS).[4]

Plaintiffs resist this conclusion by arguing that their claims do not concern a contract covered by the CDA because they are not "conventional federal procurements involving competitive bidding" but involve, instead, "a business collaboration." Plaintiffs' Opposition to Defendants' Motion to Dismiss Or In the Alternative For Transfer at 23. However, the CDA applies wherever a claim is "essentially contractual." *Ingersoll-Rand Co.*, 780 F.2d at 77. Whether a claim is "essentially contractual" depends upon the source of the right and the type of relief sought. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). The Second Amended Complaint contains a single count styled as a "Breach of Contract with Respect to USPS' Failure to Perform Under its Agreements with and Representations to the Mexican Exchange Houses." Second Amend. Compl. at 35. The claims against the USPS are based on an express or implied contract theory and seek money damages. That this claim may not involve a "conventional federal procurement[]" does not compel a different conclusion.

Inasmuch as this Court is without jurisdiction, it will not rule on the substantive motion to dismiss but will transfer the case to the Court of Federal Claims.[5]

---

[4] There is no doubt that the Plaintiffs seek more than $10,000 in recovery. *See* Second Amend. Compl. at ¶ 62 (setting forth the respective losses for each Exchange House).

[5] Transfer is appropriate under 28 U.S.C. § 1631, which reads:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of

A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

DATE: November 30, 2004.

/s/
ROSEMARY M. COLLYER
United States District Judge

administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.