IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARBITRAJE CASA DE CAMBIO, S.A. DE C.V., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-217C |
| | ) | (Senior Judge Smith) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT

Defendant respectfully requests the Court to grant an enlargement of time of 45 days, to and including April 10, 2006, within which to file its response to the complaint. The response is currently due on February 24, 2006. Counsel for plaintiff has informed counsel for the defendant that he does not oppose this request for an enlargement of time. The Government previously requested and the Court granted an enlargement of 59 days for this purpose.

The United States Postal Service ("USPS") has requested additional time to complete the litigation report required by 28 U.S.C. § 520. This case was originally filed in the United States District Court for the District of Columbia on April 23, 2002. On December 31, 2003, the court dismissed the complaint. Thereafter, the court granted plaintiffs leave to file an amended complaint, and the court reinstated the case. On November 30, 2004, the court ordered that the case be transferred to this Court.

As an initial matter, then, we are required to determine what effect, if any, the Court's prior decisions may have on this case. Additionally, the complaint alleges that the USPS breached several implied-in-fact contracts allegedly made in 1997 and 1998. These claims raise numerous factual issues that require the USPS to locate and interview employees of the USPS

who are no longer employed by the USPS. The claims also require the USPS to investigate the authority of the USPS employees' to make the implied-in-fact contracts. The USPS has requested additional time to complete these tasks. Undersigned counsel will then require a reasonable amount of time to prepare defendant's response to the complaint.

In addition, counsel for the Government requests the additional time because counsel has other commitments that require a substantial amount of her time. In particular, counsel is required to file a motion for summary judgment in New Valley Corp. v. United States, Fed. Cl. No. 94-785C, on February 24, 2006. She is also required to participate in an oral argument in Lakey-Scott v. Justice, Fed. Cir. No. 05-3139, on March 9, 2006. Counsel is also required to file briefs on behalf of the appellees in Duggan v. Interior, Fed. Cir. No. 05-3321, and in SAB Construction, Inc. v. United States, Fed.Cir. No. 06-5009, on March 10, 2006, and March 13, 2006, respectively. In addition, counsel has received settlement offers in two cases, and she is required to present those offers to officials in the Department of Justice for their consideration. Finally, counsel has made arrangements to travel to New Mexico and Colorado in March to conduct discovery and engage in settlement discussions in Silver State Construction Co. v. United States, Fed. Cl. 05-978C.

For the foregoing reasons, we respectfully request the Court to grant defendant's motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice
Tel: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

February 22, 2006