IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ARBITRAJE CASA DE CAMBIO,　　　)
SA. DE C.V. et al.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　)　　　No. 05-217C
　　　　　　　　　　　　　　　　　)　　　(Senior Judge Smith)
　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
THE UNITED STATES,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

## DEFENDANT'S ANSWER

For its answer to plaintiffs' amended complaint, defendant, the United States, admits, denies, and alleges as follows:

## PARTIES[1]

1.　　　Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.　　　Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.　　　Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.　　　Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5.　　　Denies the allegations contained in paragraph 5 for lack of knowledge or

---

[1] For clarity, defendant includes in its answer the headings plaintiffs included in their amended complaint. Defendant does not believe that a response to these headings is necessary or appropriate. However, if the Court concludes that a response to these headings is required, defendant denies the allegations contained in these headings.

information sufficient to form a belief as to their truth.

6.     Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.     Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.     Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.     Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.     Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.     Admits the allegation contained in the first sentence of paragraph 11, that the United States Postal Service ("USPS") is an independent establishment of the executive branch of the Government of the United States; denies the remaining allegations contained in the first sentence of paragraph 11.  The allegations contained in the second sentence of paragraph 11 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12.     Admits the allegation contained in first sentence of paragraph 12, that the USPS' Office of the Inspector General ("OIG") was authorized by law in 1996; denies the remaining allegations contained in the first sentence of paragraph 12.  The allegations contained in the sixth sentence of paragraph 12 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the remaining allegations

2

contained in paragraph 12.

13.     Admits the allegations contained in the first sentence of paragraph 13, that the United States Postal Inspection Service is the primary law enforcement arm of the United States Postal Service responsible for enforcing federal statutes that deal with the United States Postal Service and the United States mail; denies the remaining allegations contained in the first sentence of paragraph 13.  Admits the allegations contained in the second and third sentences of paragraph 13.  The allegations contained in the fourth sentence of paragraph 13 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 13.

14.     Denies the allegations contained in the first two sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the third sentence of paragraph 14 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15.     The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

<u>JURISDICTION</u>

16.     Defendant's responses to paragraphs 1 through 15 of the amended complaint are incorporated by reference.

17.     The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

VENUE

18.     Defendant's responses to paragraphs 1 through 17 of the amended complaint are incorporated by reference.

19.     The allegation contained in the first sentence of paragraph 19 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

FACTS

20.     Defendant's responses to paragraphs 1 through 19 of the amended complaint are incorporated by reference.

United States Postal Service Money Orders

21.     Denies.

22.     Admits the allegation contained in paragraph 22 that the "USPS issues both domestic and international money orders for fees"; denies the remaining allegations contained in paragraph 22.

23.     Admits the "applicable definition[s]" contained in paragraph 23 are identical to those contained in §503-14.4.1 of the USPS Domestic Mail Manual ("DMM"), which governs the issuance of USPS Domestic Money Orders; otherwise denies the allegations contained in paragraph 23.

24.     The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25.     The allegation contained in paragraph 25 stating that "the USPS is, in fact, bound

4

by the Federal Reserve's regulations" is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remaining allegations contained in paragraph 25 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 25.

26.     Denies.

27.     Admits.

28.     Admits.

29.     Admits the allegations contained in paragraph 29 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30.     Admits the allegations contained in paragraph 30 contain some, but not all, circumstances in which a United States Postal Service money order is considered "stolen"; denies the remaining allegations contained in paragraph 30.

31.     Admits the allegations contained in paragraph 31 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32.     Admits the allegations contained in paragraph 32 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 32.

33.     Admits the allegations contained in the first sentence of paragraph 33 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise

denies the allegations contained in the first sentence of paragraph 33.  The allegations contained in the second sentence of paragraph 33 constitute conclusions of law and plaintiffs' characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

34.     Admits the allegations contained in paragraph 34 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 34.

35.     Admits the allegations contained in paragraph 35 to the extent they are supported by the manuals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 35.

36.     The allegations contained in paragraph 36 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37.     Denies.

38.     Admits that USPS form 306 serves as an affidavit by a purchaser of a money order in connection with a money order refund claim; denies the remaining allegations contained in paragraph 38.

<u>Mexican Commercial Law Governing Payment Instruments</u>

39.     The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40.     The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41.     The allegations contained in paragraph 41 are conclusions of law to which no

6

response is required; to the extent they may be deemed allegations of fact, they are denied.

42.     The allegations contained in paragraph 42 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are denied.

43.     The allegations contained in paragraph 43 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are denied.

44.     The allegations contained in paragraph 44 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are denied.

<u>Relationship Between USPS And Mexican Exchange Houses</u>

45.     Denies the allegations contained in  paragraph 45 for lack of knowledge or

information sufficient to form a belief as to their truth.

46.     Denies the allegations contained in paragraph 46 for lack of knowledge or

information sufficient to form a belief as to their truth.

47.     Denies the allegations contained in paragraph 47 for lack of knowledge or

information sufficient to form a belief as to their truth.

<u>Proliferation Of Fraudulent Claims On USPS Money Orders</u>

48.     Denies the allegations contained in paragraph 48 for lack of knowledge or

information sufficient to form a belief as to their truth.

49.     Admits that beginning in 1996, the United States Postal Service received a greater

number of purchaser claims for refunds based upon Postal Service Money Orders than in

previous years; denies the remaining allegations contained in paragraph 49.

50.     Denies the allegations contained in paragraph 50 as to what "certain purchasers"

of money orders "became aware or already were aware" for lack of knowledge or information

sufficient to form a belief as to their truth; the remainder of the allegations contained in

paragraph 50 constitute conclusions of law to which no answer is required; to the extent they may

be deemed allegations of fact, they are denied.

51.     The allegations contained in paragraph 51 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52.     Denies the allegations contained in the first sentence of paragraph 52 as to the

"frequent notifications from their respective U.S. correspondent banks" the plaintiffs "began

receiving" for lack of knowledge or information sufficient to form a belief as to their truth;

denies the allegations contained in the second sentence of paragraph 52 as to what the Exchange

Houses "gradually became aware" for lack of knowledge or information sufficient to form a

belief as to their truth; the remainder of the allegations contained in paragraph 52 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations

of fact, they are denied.

53.     Admits the allegation in paragraph 53 that USPS did not notify the Exchange

Houses of an increase in postal money order refund claims beginning in 1996; denies the

remaining allegations contained in paragraph 53.

54.     Admits that beginning in 1996 there was an increase in claims for money order

refunds submitted to the USPS; denies the remaining allegations contained in paragraph 54.

55.     Denies the allegations contained in paragraph 55 for lack of knowledge or

information sufficient to form a belief as to their truth.

56.     The allegations contained in the first sentence of paragraph 56 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations

of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 56

for lack of knowledge or information sufficient to form a belief as to their truth.

57.     Denies the allegations contained in paragraph 57 for lack of knowledge or

information sufficient to form a belief as to their truth.

58.     Denies.

59.     Denies the allegations contained in paragraph 59 as to what "[t]he Exchange

Houses learned from their correspondent banks" for lack of knowledge or information sufficient

to form a belief as to their truth; the remainder of the allegations contained in paragraph 59

constitute conclusions of law to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

60.     Denies the allegations contained in paragraph 60 for lack of knowledge or

information sufficient to form a belief as to their truth.

61.     The allegations contained in paragraph 61 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     Denies the allegations contained in paragraph 62 for lack of knowledge or

information sufficient to form a belief as to their truth.

Initial Attempts By Exchange Houses To Address Refund Claims And Reclamations

63.     Denies the allegations contained in paragraph 63 for lack of knowledge or

information sufficient to form a belief as to their truth.

64.     Denies the allegations contained in paragraph 64 as to what "became clear to

financial intermediaries in both Mexico and the United States" for lack of knowledge of

information sufficient to form a belief as to their truth; admits the allegations contained in

paragraph 64 that plaintiffs "engaged in concerted action coordinated by the Asociacion Mexicana de Exchange Houses" and met with representative of the United States Postal Service regarding issues related to United States Postal Service money orders; denies the remaining allegations contained in paragraph 64.

65.     Admits the allegation contained in paragraph 65 that on November 25, 1997, representatives of the USPS met with representatives of Mexican Exchange Houses in Mexico City to discuss "problems" the Exchange Houses were having regarding postal service money orders; denies the remaining allegations contained in paragraph 65.

66.     Admits the allegations contained in the first sentence of paragraph 66; denies the remaining allegations contained in paragraph 66.

67.     Admits the allegations contained in paragraph 67 that the specific matters discussed at the November 25, 1997 meeting included the United States Postal Service's general practice of reviewing, accepting, and processing stop payment requests made by alleged purchasers of money orders, the return of original money order documents to the Exchange Houses, and the USPS' procedure for submitting requests for clarification or further investigation of reclamations; the allegations contained in paragraph 67 regarding USPS' "general lack of thoroughness," its "complete failure" to return money order documents "prevent[ing] the Exchange Houses from being able to diligently investigate those matters, and which made impossible any proper administrative claims or the initiation of legal action in Mexico" and USPS' "lack of a clearly expressed and publicized procedure" are plaintiffs' characterization of its case, for which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10

68.     Denies.

69.     Admits the allegations in the first sentence of paragraph 69; admits the allegations

contained in the second sentence of paragraph 69, that representatives of various Exchange

Houses identified what they characterized as "anomalies" in USPS processing of money order

refund claims; admits that those present discussed the topics identified in the third sentence of

paragraph 69, that USPS representatives stated that they would "work on" those topics identified

in the third sentence of paragraph 69, and that USPS agreed to establish a "working group" as

identified in subpart g of that sentence to consider issues raised by Mexican Exchange Houses in

connection with USPS processing of money order refund claims; denies that "[a]t that meeting,

the USPS/USPIS/OIG agreed" to any of the other issues identified in the third sentence and its

subparts of paragraph 69; denies the remaining allegations contained in paragraph 69.

70.     Admits the allegations contained in the first sentence of paragraph 70; denies the

remaining allegations contained in paragraph 70.

71.     Admits the allegations contained in the first sentence of paragraph 71; denies the

allegations contained in the second sentence of paragraph 71; admits the allegations contained in

the third sentence of paragraph 71 that representatives of the USPS presented a proposed new

306 protocol; denies the remaining allegations contained in the third sentence of paragraph 71;

denies the allegations contained the fourth sentence of paragraph 71; admits the allegations

contained the fifth sentence of paragraph 71, that the listed "proposals were made"; denies the

remaining allegations contained in paragraph 71.

72.     Denies the allegation contained in the first sentence of paragraph 72 that Ramon

Cuffie was based at the USPS operations in suburban Washington, D.C.; admits the remaining

allegations contained in the first sentence of paragraph 72; denies the remaining allegations contained in paragraph 72.

73.     Admits the allegations contained in the first sentence of paragraph 73; denies the allegations contained in the second sentence of paragraph 73; admits the allegations contained in the third sentence of paragraph 73 regarding the "items discussed" at the meeting held on February 3-4, 1998.

74.     Admits the allegations contained in the first sentence of paragraph 74; denies the remaining allegations contained in paragraph 74.

<u>Agreements Reached During Meetings Between USPS And The Exchange Houses</u>

75.     Denies the allegation contained in the first sentence of paragraph 75, that the discussions which took place at the December 10, 1997 meeting "culminated" in a letter dated December 23, 1997; admits the allegation contained in paragraph 75 that subsequent to the December 10, 1997 meeting, Jayne Schwarz of the USPS sent a letter to representatives of Mexican Exchange Houses dated December 23, 1997.  Denies the allegation contained in the second sentence of paragraph 75, that the December 23, 1997 letter "insisted upon the 'acceptance of International USPS Money Orders for negotiation by Exchange Houses in Mexico'"; admits the remaining allegations contained in the second sentence of paragraph 75 to the extent they are supported by the letter cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second sentence of paragraph 75.

76.     Denies the allegation contained in the first sentence of paragraph 76, that the discussions that took place at the December 10, 1997 "were memorialized" in a letter dated January 23, 1998; admits the allegation contained in the first sentence of paragraph 76 that

subsequent to the December 10, 1997 meeting between representatives of Mexican Exchange

Houses and the USPS, Jayne Schwarz and James M. Parrott sent a letter to representatives of the

Exchange Houses dated January 14, 1998.   Admits the allegations contained in the second

sentence of paragraph 76 to the extent they are supported by the letter cited, which is the best

evidence of its contents; otherwise denies the allegations contained in the second sentence of

paragraph 76.

77.     Denies the allegations contained in paragraph 77 for lack of knowledge or

information sufficient to form a belief as to their truth.

78.     Admits the allegations contained in paragraph 78 that representatives of the USPS

presented a proposed new 306 protocol; denies the remaining allegations contained in paragraph

78.

79.     The allegation contained in the first sentence of paragraph 79, stating that "the

participants entered into and ratified several previous agreements," constitutes a conclusion of

law to which no response is required; the extent it may be deemed an allegation of fact, it is

denied; admits that USPS representatives stated that they would "consider" claims matching

points 1, 2, 4, 11, 12, 13, 14, 20, 22, 29, 30, 35, 40, 45, and 48; denies the remaining allegations

contained in paragraph 79.

80.     The allegations contained in paragraph 80 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81.     The allegations contained in paragraph 81 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.     Denies the allegation contained in the first sentence of paragraph 82, that Linda

Kulkeda was the "head" of the General Accounting Section of the USPS; admits the allegations contained in the first sentence of paragraph 82 regarding what the November 7, 1998 letter "expressly stated" to the extent they are supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 82 regarding what the cited letter "expressly stated."; denies the allegations contained in the second sentence of paragraph 82.

USPS's Complete Failure To Perform Under Its Agreements With The Exchange Houses

83.     The allegations contained in paragraph 83 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84.     Admits the allegations contained in paragraph 84 that "negotiations concerning the list of irregularities failed"; admits that USPS received a letter dated November 22, 1999 from attorney John W. Wood, who claimed to represent Mexican Exchange Houses, demanding monetary and other relief based upon the Exchange Houses' belief that previously made USPS money order reclamations were not undertaken pursuant to applicable USPS regulations; denies the remaining allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85.     The allegations contained in paragraph 85 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.     The allegations contained in paragraph 86 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     Admits the allegations contained in paragraph 87 to the extent they are supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations

14

contained in paragraph 87.

88.     Denies the allegations contained in paragraph 88 for lack of knowledge or

information sufficient to form a belief as to their truth.

89.     Denies the allegations contained in paragraph 89 for lack of knowledge or

information sufficient to form a belief as to their truth.

90.     Denies the allegations contained in paragraph 90 for lack of knowledge or

information sufficient to form a belief as to their truth.

<u>Damages Incurred By The Exchange Houses</u>

91.     Defendant's responses to paragraphs 1 through 90 of the amended complaint are

incorporated by reference.

92.     The allegations contained in paragraph 92 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

<u>Count I</u>

93.     Defendant's responses to paragraphs 1 through 93 of the amended complaint are

incorporated by reference.

94.     The allegation contained in paragraph 94 constitutes a conclusion of law and

plaintiffs' characterization of their case, to which no answer is required; to the extent they may

be deemed allegations of fact, they are denied.

95.     The allegations contained in the first sentence of paragraph 95 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations

of fact, they are denied; admits the allegations contained in the second sentence of paragraph 95

that the January 14, 1998 meeting representatives from the Mexican Exchange Houses and USPS

"outline[d] issues needed to enable cashing of U.S. Postal International Money Orders in Mexico" and that USPS stated its "intent" to "work on" the five issues identified in the second sentence of paragraph 95; denies the remaining allegations contained in the second sentence of paragraph 95.

96.    The allegation contained in paragraph 96 that "USPS breached its contractual obligations to plaintiffs by failing to abide by the agreement it made at the December 10, 1997 meeting" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; denies the remaining allegations contained in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth.

97.    The allegation contained in paragraph 97 that "USPS breached its contractual obligations to plaintiffs by failing to perform under the agreements made at the January 21, 1998 meeting" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admits the allegation contained in paragraph 97 that at the January 21, 1998 meeting, representatives of the USPS presented a  proposed new 306 protocol; denies the remaining allegations contained in paragraph 97.

98.    The allegations contained in paragraph 98 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

99.    The allegation contained in paragraph 99 constitutes a conclusions of law to which no answer is required; to the extent it may be deemed allegations of fact, it is denied.

100.    The allegation contained in paragraph 100 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

101.    The allegations contained in paragraph 101 constitute conclusions of law to which

16

no answer is required; to the extent they may be deemed allegation of fact, they are denied.

102.    The allegations contained in paragraph 102 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegation of fact, they are denied.

103.    The allegations contained in paragraph 103 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegation of fact, they are denied.

Prejudgment Interest

104.    Defendant's responses to paragraphs 1 through 103 of the amended complaint are

incorporated by reference.

105.    The allegations contained in paragraph 105 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Demand for Jury Trial

106.    Defendant's responses to paragraphs 1 through 106 of the amended complaint are

incorporated by reference.

107.    Denies plaintiffs are entitled to the relief set forth in the prayer for relief

immediately following paragraph 107, or to any relief whatsoever.

108.    Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1.    To the extent any claims in plaintiffs' amended complaint are based upon USPS

reclamations of postal service money orders, those claims are barred by the doctrines of *res

judicata* and collateral estoppel.  See Arbitraje Casa De Cambio, S.A. DE C.V. v. United States

Postal Service, 297 F.Supp.2d 165, 169 (D.D.C. 2003) ("[T]he Exchange Houses . . . have no

claim against the government in any action based on postal money orders.").

17

2.      To the extent any claims in plaintiffs' amended complaint are based upon

allegations that USPS failed to follow its own regulations regarding the issuance and reclamation

of USPS money orders, those claims are barred by the doctrines of *res judicata* and collateral

estoppel.  See id. at 170 (holding that such allegations are subject to the Federal Tort Claims Act

("FTCA") and that those claims "must be dismissed pursuant to the FTCA because [plaintiffs]

did not properly present the claims to the Postal Service within the statute of limitations").


                                                        Respectfully submitted,

                                                        JEFFREY S. BUCHOLTZ
                                                        Acting Assistant Attorney General

                                                        JEANNE E. DAVIDSON
                                                        Director

                                                        s/ Mark A. Melnick by Steven J. Gillingham
                                                        MARK A. MELNICK
                                                        Assistant Director

OF COUNSEL:

                                                        s/ Anuj Vohra
DOUGLAS J. COLTON                           ANUJ VOHRA
JOSEPH A. ANZALONE                         Trial Attorney
Office of the General Counsel                Commercial Litigation Branch
United States Postal Service                 Civil Division
 475 L'Enfant Plaza SW                   Department of Justice
Washington, DC 20260                   Attn:   Classification Unit
                                                        8th Floor, 1100 L St.
                                                        Washington, D.C. 20530
                                                        Tele: (202) 353-0521
                                                        Fax:  (202) 305-7644


January 4, 2008                                 Attorneys for Defendant

<u>CERTIFICATE OF FILING</u>

I hereby certify that on January 4, 2008, a copy of the foregoing "Defendant's Answer" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


<u>s/Anuj Vohra</u>